Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Yolanda Jackson,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
YOLANDA JACKSON, on behalf of herself           Civil Action No.
and all others similarly situated

        Plaintiffs,                                 **CLASS ACTION**
                                                               **COMPLAINT**
   v.

ACCURATE COLLECTION SERVICES

        Defendant.
---------------------------------------------------------X

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Yolanda Jackson ("Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the debt collection practices utilized by Accurate Collection Services ("ACS" or "Defendant") in connection with their attempts to collect alleged debts from herself and others similarly situated.

2. Plaintiff alleges that Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

1

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." <u>Glover v. FDIC</u>, 698 F.3d 139 (3d. Cir. 2012) (citing <u>Allen ex rel. Martin v. LaSalle Bank, N.A.</u>, 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

   i. The acts giving rise to this lawsuit occurred within this District;

   ii. Defendant does business within this District; and

   iii. Defendant is located in this District.

## PARTIES

7. Plaintiff, Yolanda Jackson, is an individual natural person who at all relevant times resided in the City of Union, County of Union, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, ACS, is a corporation with its principal place of business located at 17 Prospect Street Morristown, NJ 07960.

10. The principal purpose of ACS is the collection of debts using the mail and telephone.

2

11. ACS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. ACS is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

### FACTS

13. Sometime in March of 2016, Plaintiff allegedly incurred a financial obligation to Overlook Medical Center (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from medical services rendered.

15. Plaintiff's medical debt to Overlook Medical Center is a "debt" as defined by 15 U.S.C. §1692a(5).

16. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

17. On or before October 5, 2016, the Debt was referred by Plaintiff's creditor to ACS for the purpose of collections.

18. ACS contends that the Debt is past-due and in default.

19. At the time the Debt was referred to ACS, the Debt was past-due.

20. At the time the Debt was referred to ACS, the Debt was in default.

21. At all times relevant hereto, ACS acted in an attempt to collect the Debt.

22. On or about October 5, 2016, ACS mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as <u>Exhibit A</u> is a true copy of the letter dated October 5, 2016 sent by ACS to Plaintiff, except the undersigned counsel has in accordance with

Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy).

23. ACS mailed the October 5, 2016 letter attached as <u>Exhibit A</u> as a part of their efforts to collect the Debt.

24. Plaintiff received the letter attached as <u>Exhibit A</u> in the mail.

25. Plaintiff read the letter attached as <u>Exhibit A</u> upon receipt of the letter in the mail.

26. <u>Exhibit A</u> was sent in connection with the collection of the Debt.

27. <u>Exhibit A</u> seeks to collect the Debt.

28. <u>Exhibit A</u> conveyed information regarding the Debt including the amount owed, account number, and a demand for payment.

29. The letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

30. The letter attached as <u>Exhibit A</u> is the first written communication Plaintiff received from Defendant.

31. The letter attached as <u>Exhibit A</u> is the first written communication Defendant sent to Plaintiff regarding the Debt.

32. <u>Exhibit A</u> represents ACS's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. §1692a(2).

33. Besides the letter attached as <u>Exhibit A,</u> Plaintiff did not receive any other document from ACS purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

34. <u>Exhibit A</u> states in relevant part: "We ask that upon receipt of this correspondence you contact this office to satisfy this account."

35. <u>Exhibit A</u> provides two phone numbers for the Plaintiff to contact ACS.

36. <u>Exhibit A</u> states in relevant part:

   > Accurate Collection Services will assume that this debt is valid unless you dispute the validity of this debt, or any portion of the debt, with us within thirty (30) days from receipt of this notice. If, for any reason, you dispute this debt or any portion thereof, you may notify us of the same in writing within thirty (30) days from receipt of this notice. We will then obtain verification of your obligation or, if the debt is founded upon a judgment, a copy of the judgment, and we will mail you a copy of such verification or judgment.

37. <u>Exhibit A</u> fails to provide the disclosures required by 15 U.S.C. §1692g(a)(3) and 15 U.S.C. §1692g(a)(4), and ACS failed to provide Plaintiff with such disclosures within five (5) days Plaintiff's receipt of <u>Exhibit A</u>.

38. ACS, as a matter of pattern and practice, mail or send, or cause to be mailed or sent, communications to alleged debtors that fail to provide the disclosure required by 15 U.S.C. §1692g(a)(3) and 15 U.S.C. §1692g(a)(4).

39. <u>Exhibit A</u> is a standardized form letter.

40. ACS's debt collection practice is largely automated and utilizes standardized form letters.

41. On information and belief, the October 5, 2016 letter attached as <u>Exhibit A</u> is a mass-produced, computer generated form letter that is prepared by ACS and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

42. <u>Exhibit A</u> is a standardized form letter that ACS uses for the purpose of attempting to comply with 15 U.S.C. §1692g, which was sent, or caused to be sent, over the course of the past year by ACS to hundreds of New Jersey consumers from whom ACS attempted to collect a debt.

43. Defendant used the same procedures it used in sending the letter attached as <u>Exhibit A</u> when sending the same and/or similar letters to other consumers in New Jersey.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

45. In sending the letter attached as <u>Exhibit A,</u> ACS violated 15 U.S.C. §§1692, 1692(e)(10), 1692g(a)(3) and 1692g(a)(4).

46. 15 U.S.C. §1692e provides:

> **§1692e.        False or Misleading Representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

47. 15 U.S.C. §1692g provides**:**

> **§1692g        Validation of debts**
>
> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> > (1) the amount of the debt
> >
> > (2) the name of the creditor to whom the debt is owed;
> >
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> >
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

48. Collection letters and/or notices, such as Exhibit A sent to Plaintiff by ACS, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." *See* Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006).

49. "Section 1692g gives debtors the right to dispute a debt and seek verification of the validity thereof within 30 days of receipt of a debt collection letter." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (*citing* 15 U.S.C. § 1692g(b).

50. "The Act further mandates the debt collector to cease all collection efforts if the consumer provides written notice that he or she disputes the debt or requests the name of the original creditor until the debt collector mails either the debt verification or creditor's name to the consumer." *Id*. (*citing* 15 U.S.C. § 1692g(b).

51. "However, if the consumer fails to contact the debt collector within 30 days these rights are lost forever." Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222, 1225 (9th Cir. 1988).

52. "The debt validation provisions of section 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law." Wilson, 225 F.3d at 354. (*citing* S.Rep. No. 382, 95th Cong., 1st Sess. 4, 8, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1699, 1702).

53. 15 U.S.C. §1692g(a)(3) and 15 U.S.C. §1692g(a)(4) require a debt collector to provide a consumer with important information regarding a consumer's right to dispute the debt, and seek validation of the debt.

54. <u>Exhibit A</u> fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute **must** be in writing.

55. <u>Exhibit A</u> incorrectly informs the least sophisticated consumer that if she disputes the alleged debt, that she **may** notify ACS in writing.

56. The least sophisticated consumer upon reading the letter attached as <u>Exhibit A</u> would be confused as to what they must do to effectively dispute the alleged Debt.

57. The least sophisticated consumer upon reading the letter attached as <u>Exhibit A</u> would be lead to believe that if they disputed the alleged debt or any portion of it, they may notify ACS in writing or may choose another method to dispute the alleged debt, such as calling the toll free numbers provided in the letter.

58. <u>Exhibit A</u> fails to inform Plaintiff that pursuant to 15 U.S.C. §1692g(a)(4), a dispute **must** be in writing in order to obtain verification of the debt.

59. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. <u>Graziano v. Harrison</u>, 950 F.2d 107, 112 (3d Cir. 1991). <u>Caprio v. Healthcare Revenue Recovery Group</u>, 709 F.3d 142 (3d Cir. March 1, 2013).

60. ACS violated 15 U.S.C. §1692g(a)(3) and 15 U.S.C. §1692g(a)(4) by failing to inform Plaintiff that in order to effectively dispute the alleged Debt and obtain verification, she **must** make such dispute in writing.

61. ACS violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that she **may** dispute the alleged debt in writing, when in fact any such dispute **must** be in writing in order to effectively invoke the protections provided by the FDCPA.

62. <u>Exhibit A</u> is misleading because it can be read to have two or more meanings, one of which is inaccurate.

63. Exhibit A can be read to mean that the least sophisticated consumer may dispute the alleged debt in writing, but is not required to do so in order to obtain verification of the Debt.

64. Exhibit A can be read to mean that the least sophisticated consumer may choose between writing to dispute the alleged debt or any other such method, such as calling the toll-free numbers provided in Exhibit A.

65. Plaintiff has alleged a particularized injury because the letter attached as Exhibit A was mailed and directed to her.

66. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendant's violations of the FDCPA results in concrete harm to Plaintiff.

67. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692e and 15 U.S.C. §1692g and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

68. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

69. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

70. The class is initially defined as: (a) all individuals (b) with a New Jersey address (c) who were sent letters or notices from ACS in a form materially identical or substantially similar to letter attached as Exhibit A to the Complaint (d) which was not returned as

undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action; and (f) which contained at least one of the alleged violations of 15 U.S.C. §1692 *et seq*. herein.

71. The class definition above may be subsequently modified or refined.

72. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

73. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's violations of the FDCPA involve a massed produced form collection letter. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

    ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but

are not limited to: (a) The existence of Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the absent class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **<u>Superiority</u>**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

74. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

75. A class action is superior for the fair and efficient adjudication of this matter, in that:
    i. Individual actions are not economically feasible;
    ii. Members of the class are likely to be unaware of their rights;
    iii. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that ACS violated 15 U.S.C. §§1692e, 1692e(10), 1692g(a)(3), and 1692g(a)(4);

3. An award of statutory damages for Yolanda Jackson and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
October 4, 2017

By:/s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 6873-7675
Fax: (212) 675-4367
rlg@lawgmf.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

By:/s/ Ryan Gentile
_____
Ryan Gentile